Anil CHADHA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73272.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 17, 2003.

Gopalan Nair, Esq., Fremont, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Efthimia S. Pilitsis, Office of Immigration Litigation, Terri J. Scadron, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM **

Anil Chadha, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance without opinion of an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition for review.

Chadha did not present evidence of any past persecution on account of a protected ground. Nor has he shown an individualized well-founded fear of future persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir.2003). An alien must "point[ ] to credible, direct, and specific evidence in the record . . . that would support [an objectively] reasonable fear of persecution." *Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998) (quotation marks and citation omitted). The record supports the IJ's finding that Chadha failed to provide evidence that the relevant Indian criminal provision is routinely enforced. Moreover, there is substantial evidence indicating that the effects of the social mores Chadha expects will constrain his life upon returning to India do not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003) (being "teased, bothered, discriminated against, and harassed . . . does not *compel* a conclusion [of] persecution").

Chadha, by failing to qualify for asylum, necessarily fails to satisfy the more stringent standard required to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003). Chadha is also not entitled to CAT relief because he did not demonstrate that it is more likely than not that he would be tortured if returned to India. *See* 8 C.F.R. § 208.16(c)(2); *Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir.2001).

**PETITION DENIED.**

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.